McLEAN v. MECKLENBURG COUNTY

[116 N.C. App. 431 (1994)]

---

CHARLES E. McLEAN, PETITIONER v. MECKLENBURG COUNTY, NORTH CAROLINA, RESPONDENT

JACK M. KERLEY, PETITIONER v. MECKLENBURG COUNTY, NORTH CAROLINA, RESPONDENT.

No. 9326SC1067

(Filed 20 September 1994)

**Sheriffs, Police, and Other Law Enforcement Officers § 2 (NCI4th)— disciplinary hearing—testimony not under oath—failure to follow required procedures—new hearing**

Where the Mecklenburg County Civil Service Board failed to follow the Police Civil Service Rules and Regulations which required the taking of testimony under oath at a disciplinary hearing for two police officers, the case is remanded for a new hearing in accordance with the Police Civil Service Rules requiring that the witnesses against the officers be present, testify under oath, and be subject to cross-examination by counsel for the accused officers.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 26 et seq.**

Appeal by plaintiffs from orders entered 2 August 1993 by Judge Charles C. Lamm, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 May 1994.

*Lesesne & Connette, by Louis L. Lesesne, Jr., for Charles E. McLean; and Goodman Carr Nixon & Laughrun, by George V. Laughrun, II, for Jack M. Kerley, plaintiff appellants.*

*Dozier, Miller, Pollard & Murphy by W. Joseph Dozier, Jr., for defendant appellee.*

McLEAN v. MECKLENBURG COUNTY

[116 N.C. App. 431 (1994)]

COZORT, Judge.

Two Mecklenburg County police officers were dismissed from their employment for failing to investigate a criminal situation in which the suspect was a fellow police officer. The dismissal of the officers was upheld by the Superior Court of Mecklenburg County. On appeal, we find the Mecklenburg County Civil Service Board failed to follow the Police Civil Service Rules and Regulations which required the taking of testimony under oath at the disciplinary hearing for the officers. We therefore reverse the trial court's ruling and remand the case for a new hearing in accordance with the Police Civil Service Rules.

This case involves an incident which occurred on 17 May 1992. On that day, Mecklenburg County Police Officer Karen Sherrill was dispatched to respond to a call, which occurred after 9:00 p.m., concerning a suspicious vehicle in a landfill which adjoined a lumberyard in Mecklenburg County. Officer Charles E. McLean, Officer Jack M. Kerley, and Officer K. J. Worthy also responded to the call, driving their vehicles towards the landfill to back up Officer Sherrill. Officer Sherrill and Officer Worthy stopped a flat-bed truck several miles from the landfill. The front of the truck had been damaged, and twelve large pieces of lumber were in the back of the truck. The truck was being driven by Kenneth Helms, an off-duty Mecklenburg County police sergeant. When Officers McLean and Kerley arrived, they recognized Helms as a police officer. According to Officers McLean and Kerley, they were satisfied with Officer Helms' explanation for possessing the lumber. Officers McLean and Kerley left the scene without conducting any further investigation of possible criminal activity on Sergeant Helms' part.

Later that evening, Officer Helms persuaded Officer Sherrill to conceal Helms' involvement in the incident. Officer Sherrill did not file a report of the incident. It was learned by the Mecklenburg County Police that Sergeant Helms had stolen the lumber from the lumberyard which adjoined the landfill. Both Helms and Sherrill were charged with criminal offenses and resigned from the Mecklenburg County Police Department.

On 5 June 1992 Mecklenburg County Police Department Chief V. H. Orr, Jr., notified Officer McLean and Officer Kerley that each was being cited to appear at a hearing before the Mecklenburg County Civil Service Board to consider a recommendation that each be terminated. Each was charged with violating four departmental rules and regulations:

1. 1.02 STANDARD OF CONDUCT. Members of the Police Department shall conduct themselves in a manner which is exemplary of professional conduct and which will encourage trust and respect.

2. 1.08 UNLAWFUL COMPROMISE. Members of the Police Department shall not participate directly or indirectly in any unethical or unlawful compromise, arrangement, or settlement.

3. 1.23.2 DETRIMENTAL ACTIONS. Members of the Police Department shall not initiate or engage in any conduct, either within the department or in public, which is detrimental to good order and discipline.

4. 2.05.2 INITIATE ACTION. Members of the Police Department (police personnel only) shall initiate police action in any criminal situation that they may come upon or that comes to their attention.

The matter came before the Civil Service Board on 23 June 1992. At that hearing, the Mecklenburg County Police Department received a report from Captain D. R. McCrary, the Director of the Police Department's Internal Affairs Section. Captain McCrary was the officer in charge of the investigation of Officers McLean and Kerley. Captain McCrary was the only witness to testify on behalf of the department. He presented the results of his investigation, including statements he had received and interviews he had conducted during the course of the investigation. None of the statements was under oath and none of the persons making the statements was available for cross-examination by counsel for Officers McLean and Kerley at the hearing. Counsel for Officer McLean and counsel for Officer Kerley objected to receiving the statement of any witness who was not present and available to be cross-examined. The objections were overruled and the Board proceeded with the hearing. In orders filed on or about 27 June 1992, the Mecklenburg County Police Civil Service Board determined that both officers should be terminated.

Each officer filed a complaint in Mecklenburg County Superior Court requesting judicial review of the final order of the Mecklenburg County Police Civil Service Board. On 22 March 1993, the Superior Court of Mecklenburg County entered orders finding that the Civil Service Board failed to make adequate findings of fact to support its orders of dismissal. The trial court remanded both cases to the Civil Service Board to make findings of fact and conclusions of law supported by the evidence in the record. On 21 May 1993, the Civil Serv-

ice Board entered orders reaffirming the termination of Officer McLean and Officer Kerley. On 26 May 1993, the Mecklenburg County Police Department filed motions for summary judgment. In orders filed 2 August 1993, the Superior Court of Mecklenburg County granted the county's motions for summary judgment, affirming the decision of the Civil Service Board to terminate Officer McLean and Officer Kerley. Both officers filed timely notice of appeal to this Court.

While plaintiffs McLean and Kerley have argued five assignments of error on appeal, we find their second argument, that the Board's action violated its own procedures, is dispositive. For reasons which follow, we find the Board's violation of its own procedures entitles the plaintiffs to a new hearing.

Pursuant to authority granted by the North Carolina General Assembly, the Mecklenburg Board of County Commissioners adopted Civil Service Rules and Regulations governing the Mecklenburg County Police. Included among those rules and regulations are rules governing the conduct of the Civil Service Board Hearing considering disciplinary action against an officer of the Mecklenburg County Police Department. Rule V.A.1. provides that "[n]o officer shall be dismissed, removed, or discharged until said officer has been given the opportunity to be heard by the Civil Service Board." Rule V.C.1. provides that "[t]he hearing shall be by taking testimony, under oath, for and against the accused and reducing the substance thereof to writing." Rule V.C.2. provides "[t]he testimony shall be taken by and before the Civil Service Board, who shall hear and determine the validity of the charges according to the Civil Service Rules and Regulations." Rule V.C.3. provides "[t]he accused will be present at the hearing and shall have the right to be heard in his own behalf, with legal counsel if he so desires." Reading these rules together, we find the rules require that the witnesses against an officer must be present at the hearing, that the witnesses must testify under oath, and that they must be subject to cross-examination by counsel for the accused officer.

The Civil Service Board Hearing concerning the charges against Officer McLean and Officer Kerley did not comply with these rules. The only evidence against these officers consisted of Captain McCrary's testimony concerning the evidence he compiled during his investigation. This evidence was comprised largely of unsworn statements from witnesses. None of the witnesses who gave statements to

Captain McCrary testified in person at the hearing. This procedure violated the requirement of the Rules that the Board hear witnesses under oath.

In *Burwell v. Griffin*, 67 N.C. App. 198, 312 S.E.2d 917, *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984), we recognized the principle that a police chief and a city must follow its own rules when considering whether to take disciplinary action against a police officer. In that case, we found the City of Oxford substantially complied with its own procedures. *Id.* at 209, 312 S.E.2d at 924.

More recently, in *Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 417 S.E.2d 277 (1992), we found the fired police officer had properly stated a due process claim when the Town failed to follow its own grievance policy or disciplinary policy. *Id.* at 418-19, 417 S.E.2d at 282. We find *Burwell* and *Howell* controlling here. The orders of the superior court affirming the decisions of the Civil Service Board must be reversed. The case is remanded to the Superior Court of Mecklenburg County for further remand to the Civil Service Board of Mecklenburg County for a new hearing in accordance with the Civil Service Rules and Regulations of Mecklenburg County.

Reversed and remanded.

Judges EAGLES and LEWIS concur.